IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) Criminal Action No. 22-00096-KD-B |
| | ) |
| **GEOVANNI CONTRERAS-SUAREZ,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Geovanni Contreras-Suarez (doc. 46) and United States' response (doc. 62).

The United States filed a two-count Indictment charging Geovanni Contreras-Suarez, Joselo Ruiz Batista, and Yeifry Brito-Rijo with conspiracy to distribute cocaine on board a vessel in violation of the Maritime Drug Law Enforcement Act (MDLEA) (Count One) and possession with intent to distribute cocaine, a controlled substance, on board a vessel subject to the jurisdiction of the United States in violation of the MDLEA (Count Two).

Suarez moves to dismiss the Indictment on basis that the MDLEA "is unconstitutional as applied to drug trafficking offenses lacking a nexus to the United States because drug trafficking does not qualify as a crime of universal jurisdiction and absent the nexus requirements within the Define and Punish Clause of Article I, limiting Congress's Legislative Powers, is not a felony under the Piracies and Felonies Clause." (doc. 46, p. 4-8).  From this, Suarez argues that the Court does not have subject matter jurisdiction and the Indictment should be dismissed. However, Suarez admits that his argument is foreclosed by binding precedent in the Eleventh Circuit.  Specifically, United States v. Campbell, 743 F. 3d 802 (11th Cir. 2014).

The United States likewise points out that binding precedent has established that "'a criminal act does not need a nexus to the United States in order to be criminalized under the MDLEA because universal and protective principles support its extraterritorial reach.'" (doc. 62, p. 3) (quoting United States v. Cruickshank, 837 F.3d 1182, 1188 (11th Cir. 2016)) (citing United States v. Campbell, 743 F. 3d 802 (11th Cir. 2014) (same); United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003) (same); United States v. Persaud, 605 Fed. Appx. 791, 795 (11th Cir. Mar. 20, 2015) (same)).

Accordingly, upon consideration of the Eleventh Circuit's binding precedent, Suarez' motion is DENIED.

**DONE** and **ORDERED** this the 15th day of December 2022.

 /s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**